IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LUTHER CRAWFORD, JR.,

    Plaintiff,

v.                                     CIVIL ACTION NO.: CV609-077

HUGH GORDON; DAN BARBER;
CHARLES FORNEY; STAN YORK;
STATESBORO POLICE DEPARTMENT;
BULLOCH COUNTY SHERIFF'S
DEPARTMENT; and LEE HARRIS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at the Coastal Transitional Center in Savannah, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting events occurring in Statesboro, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendants Barber and Gordon kneed him repeatedly in the back when they arrested him and that he was cuffed too tightly. Plaintiff alleges that these Defendants' actions led to bruises on his back and lacerations on his wrists. Plaintiff also asserts that Defendants Barber and Gordon exhibited deliberate indifference to his serious medical needs when they refused to take him to a hospital after arresting him. Plaintiff claims that Defendant Barber and Gordon's actions violated Georgia tort law and that the other Defendants he named in his suit should be held liable under a theory of respondeat superior. Plaintiff wished to sue all Defendants in their individual and official capacities.

2

An allegation that a defendant acted with mere negligence in causing a plaintiff injury is not sufficient to support a claim under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327, 330-31(1986). "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker v. McCollan, 443 U.S. 137, 146 (1979). Plaintiff's negligence claims against Defendants are not cognizable in this § 1983 action.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff fails to make any factual allegations that Defendants Forney, York, Harris, the Statesboro Police Department, and the Bulloch County Sheriff's Department were directly involved with any of the events or circumstances described in Plaintiff's complaint. It appears that Plaintiff attempts to hold these defendants liable based solely on their supervisory positions. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Finally, Plaintiff asserts claims against all of the Defendants in their individual and official capacities. A lawsuit against a state official or a state agency in its official capacity is no different from a suit against a state itself; such defendants are immune. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989). Plaintiff's claims against Defendants in their official capacity cannot be pursued.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Plaintiff's Complaint, when read in a light most favorable to him, fails to state a claim for relief against Defendants Forney, York, Harris, the Statesboro Police Department, or the Bulloch County Sheriff's Department. Accordingly, it is my **RECOMMENDATION** that Plaintiff's claims against the aforementioned Defendants be **DISMISSED**. It is also my **RECOMMENDATION** that Plaintiff's state tort law claims against Defendants be **DISMISSED**. Finally, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants in their official capacities be **DISMISSED**.

So **REPORTED** and **RECOMMENDED**, this 25th day of June, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)