IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LUTHER CRAWFORD, JR.,

    Plaintiff,

v.                                        CIVIL ACTION NO.: CV609-077

HUGH GORDON and DAN BARBER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Coastal Transitional Center in Savannah, Georgia, filed a 42 U.S.C. § 1983 action alleging that Defendants violated his constitutional rights by failing to give him medical treatment after his arrest. On May 20, 2011, Defendants filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants filed a Motion for Summary Judgment and that a response must be filed by June 13, 2011. (Doc. No. 30). That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff failed to file a Response to Defendants' Motion for Summary Judgment.

## STATEMENT OF THE CASE

The unrebutted evidence establishes that: On November 14, 2007, Defendants responded to a call about an unwanted person at a residence in Statesboro. Defendant Gordon arrived first at the scene, and learned that Willie Juan Crawford (the tenant at the residence) had asked her uncle, Plaintiff, to leave her residence, and he had refused. Defendant Gordon noticed that Plaintiff was yelling very loudly and smelled like alcohol. Later, Plaintiff admitted that he had been drinking. Defendant Gordon attempted to talk to Plaintiff. Plaintiff's only response to Defendant Gordon was to shout obscenities at him.

After Defendant Barber arrived at the scene, Defendants warned Plaintiff that he would be arrested if he did not calm down. Plaintiff continued to shout at Defendants. Defendant Gordon attempted to grab Plaintiff's wrist to place him under arrest for disorderly conduct, disturbing the peace, and public drunkenness. Plaintiff actively resisted and Defendant Gordon called Defendant Barber for assistance. Plaintiff refused to place his hands behind his back so that he could be handcuffed. Defendants forced Plaintiff onto his stomach so that he could be handcuffed. Defendants then transported Plaintiff to the Bulloch County Jail.

Plaintiff complained that he suffered back injuries from his arrest. However, Plaintiff never exhibited any sign of medical need during the transport, and never requested medical attention. Defendants assert that if they had noticed a medical need

AO 72A
(Rev. 8/82)

requiring doctor's attention, that they would have taken all steps necessary to assure that Plaintiff's medical needs were met.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., ___ F. Supp.2d ___, 2011 WL 589830, at *2 (M.D. Fla. Feb. 18, 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving party bears the burden of establishing that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant is entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving party may discharge his burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record

3

and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

Defendants state that summary judgment should be granted in their favor because they were not deliberately indifferent to Plaintiff's allegedly serious medical needs and they are entitled to qualified immunity.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon public officials to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a public official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee

County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. It is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate. Harris, 941 F.2d at 1505.

Plaintiff's complaint alleges that he sustained a back injury during his arrest. There is no evidence that Plaintiff had a serious medical need that was obvious to the extent that a layperson would recognize the need for medical attention. Moreover, there is no evidence in the record that Plaintiff sustained *any* injury during his arrest. As Plaintiff has not satisfied the objective component of the test, he has failed to establish that Defendants were deliberately indifferent to his medical needs.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE